INTERNATIONAL HARVESTER CREDIT CORPORATION, a corporation, Plaintiff,

v.

Don EVANS, Defendant.

No. CIV–78–0491–D.

United States District Court, W. D. Oklahoma.

Oct. 20, 1978.

**2**

William B. Rogers and Allan DeVore, Oklahoma City, Okl., for plaintiff.

John N. Goodman and James M. Little, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

Plaintiff brings this diversity action alleging that Defendant breached a retail installment contract wherein Defendant purchased certain agricultural equipment (a combine and header) from Wheeler International. In connection with the contract Wheeler International obtained a security interest in the equipment sold and in a 1972 Chevrolet Corvette coupe owned by Defendant. Wheeler International has assigned this contract and security interest to Plaintiff. Plaintiff alleges that Defendant has defaulted on the contract by failing to make timely payments. Having repossessed the combine and header and sold the same at public auction, Plaintiff seeks further relief herein in the form of a deficiency judgment and repossession of the 1972 Chevrolet Corvette coupe. The matter is now before the Court to determine if Plaintiff is entitled to a prejudgment order of delivery of the vehicle pursuant to 12 Okla. Stat. § 1571 (Supp.1977). The Court has held a hearing in connection with this matter and the parties have each filed a brief in support of their respective contentions.

In opposing prejudgment delivery of the vehicle, Defendant contends that Plaintiff's security interest in said property is void under the Oklahoma Uniform Consumer Credit Code (UCCC), 14A Okla.Stat. § 1–101 et seq. (1971), which Defendant maintains governs the sales contract involved in this action by agreement of the contracting parties. Defendant argues that Plaintiff's security interest in the vehicle is void pursuant to 14A Okla.Stat. § 2–407 (1971) on the basis that § 2–407 states that a seller may only take a security interest in the property sold. Defendant asserts that the exception in § 2–407 for a consumer credit sale primarily for an agricultural purpose is not applicable to this case.

In its response to Defendant's objection, Plaintiff contends that the sales contract between the parties is not governed by the Oklahoma UCCC, and, even if it were, that Plaintiff's security interest in the vehicle in question would not be void under 14A Okla. Stat. § 2–407 as the sale was for property used primarily for an agricultural purpose so as to come within the exception to that statute.

The parties have filed herein the following stipulations:

"1. The description of the property of which the plaintiff seeks possession is one 1972 Chevrolet Corvette coupe, serial # 1Z–75–35409654, with all factory attachments and accessions thereto.

2. The defendant granted the plaintiff a security interest in the above described property to secure the payment of the purchase price of one gleaner combine and one header sold to the defendant.

3. Should the Court determine that the security interest in the above described Chevrolet automobile is valid, then said property is wrongfully detained by the defendant.

4. The actual value of the above described Chevrolet automobile, including attachments, at this time is three thousand dollars.

5. The Chevrolet automobile above described was not taken in execution on any order or judgment against said plaintiff, or for the payment of any tax, fine, or amercement assessed against him, or by virtue of an order of delivery, or any other mesne or final process issued against said plaintiff.

6. The gleaner combine and header purchased by the defendant was purchased and has been used primarily for custom combining; however, the defendant has also used the combine to harvest crops which he has farmed on his own land.

7. At the time the parties entered into the contract for the sale of the gleaner combine and header neither party had the intent to make the contract subject to the provisions of the Uniform Consumer Credit Code."

█ Upon consideration of the parties' briefs and examination of the sales contract involved, the Court finds that the sales contract is not governed by the Oklahoma UCCC. The article of that Code applying to consumer credit sales defines a "consumer credit sale" as "a sale of goods, services, or an interest in land in which . . . with respect to a sale of goods or services, the amount financed does not exceed Twenty-five Thousand Dollars ($25,000.00)." 14A Okla.Stat. § 2–104(1)(e) (1971). The sale of goods in this case involved a total purchase price of $54,521.21, an amount well in excess of $25,000.00. Defendant contends that by agreement of the contracting parties the sales contract in this case is governed by the Oklahoma UCCC pursuant to 14A Okla.Stat. § 2–601 (1971), which provides:

The parties to a sale other than a consumer credit sale may agree in writing signed by the parties that the sale is subject to the provisions of this Act applying to consumer credit sales. If the parties so agree the sale is a consumer credit sale for the purposes of this Act.

Defendant argues that the parties made the sales contract herein subject to the Oklahoma UCCC by virtue of the following provision in the contract:

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The Court finds Defendant's contention to be misplaced. It appears that the above contractual provision was included in the sales contract so as to avoid a violation of § 5 of the Federal Trade Commission Act. *See* 16 C.F.R. § 433.2 (1977).[1] The inclusion of such a provision in the sales contract does not constitute an agreement by the parties to that contract that the sale was to be subject to the provisions of the Oklahoma UCCC. The parties herein have stipulated that at the time the parties entered into the contract neither had the intent to make the contract subject to the Uniform Consumer Credit Code. Had the contracting parties intended to do so, it would have been a relatively simple matter for them to explicitly set such an agreement out in writing in their contract. They did not do so. Accordingly, the Court finds that the sales contract involved herein is not governed by the Oklahoma UCCC.

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD AS-**

---

1. This regulation provides in pertinent part:

§ 433.2 *Preservation of consumers' claims and defenses, unfair or deceptive acts or practice.*

In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of that Act for a seller, directly or indirectly, to:

(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

**4**

SERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

■ Moreover, even if the parties' sales contract is governed by the Oklahoma UCCC, Plaintiff's security interest in the vehicle in question would not be void under 14A Okla.Stat. § 2–407 (1971). That statute provides in part:

§ 2–407. *Security in sales or leases*

(1) With respect to a consumer credit sale, a seller may take a security interest in the property sold . . . The seller may also take a security interest in any property of the buyer to secure the debt arising from a consumer credit sale primarily for an agricultural purpose.

In the instant case, Defendant has stipulated that although he used the combine and header involved primarily for custom combining, he also used the equipment to harvest crops which he has farmed on his own lands. In view of this stipulation, the Court is unable to say that the consumer credit sale involved herein was not primarily for an agricultural purpose.[2]

Accordingly, the Court finds that Plaintiff's security interest in the Defendant's 1972 Chevrolet Corvette is valid and that Plaintiff is entitled to a prejudgment order of delivery of said vehicle upon the filing by Plaintiff of a replevin bond as required by 12 Okla.Stat. § 1573 (Supp.1977).

---

**2.** 14A Okla.Stat. § 1–301(4) (1971) provides in part:

  "Agricultural purpose" means a purpose related to the production, harvest, exhibition, marketing, transportation, processing, or manufacture of agricultural products by a natural person who cultivates, plants, propogates, or nurtures the agricultural products.